IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL ROWE,

     Plaintiff,

vs.

D. BAUGHMAN, et al.,

     Defendants.

No. 2:10-cv-2843 EFB P[1]

ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment excessive force claims against defendants Baughman, Caldero, Miller, Mills, and Whitted. Pending before the court is defendants' September 21, 2012 motion for summary judgment. Dckt. No. 29. For the reasons explained below, it is recommended that the motion be granted.

////

////

---

[1] Defendants failed to respond to the court's order filed on November 28, 2011, Dckt. No. 16, directing that they complete and return the form indicating either their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge and this analysis shall issue by way of proposed findings and recommendations rather than entry of an order granting the motion.

1

## I.     The Complaint

This action proceeds on the verified amended complaint filed April 11, 2011. Dckt. No. 10. Plaintiff alleges that on March 3, 2009, he attended a classification committee meeting when Baughman and Whitted began cursing at him. Whitted allegedly said, "let's go," but before plaintiff could stand up, Whitted "snatched" plaintiff by his shirt. In Baughman's presence, Whitted, Mills, Miller and Caldero then purportedly "threw" plaintiff on top of a table, pushing, dragging, and punching him in the ribs. Next, the defendants allegedly "crashed" plaintiff's head against a window. Plaintiff claims he was left with abrasions on his lips and nose, and a bump on his forehead.

## II.    Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if

any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the

opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex.*, 477 U.S. at 323 (If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the

opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

Defendants' motion for summary judgment included a notice to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### III. Analysis

Defendants seeks summary adjudication in favor of Baughman, Caldero, Miller, and Mills on all claims, and in favor of Whitted on the claim arising from the incident in the conference room during the committee meeting. (Defendant Whitted does not seek summary adjudication of the claim that he crashed plaintiff's head into a window outside of the conference room).

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7.

Defendants explain that on March 3, 2009, plaintiff appeared before the classification committee for program review. Captain Baughman was the chairperson; Officer Miller was plaintiff's Staff Assistant; and Sergeant Caldero and Officers Mills and Whitted were also present. Plaintiff was seated in a chair about eight feet in front of the table where the committee

5

members sat. He was not handcuffed. During the committee hearing, Baughman informed plaintiff that his level of care was being changed and that he was cleared for general population, which required plaintiff to have a cellmate. Plaintiff admits that in response, he threatened to kill any cellmate he was given. Dckt. No. 29-7 ("Esquivel Decl."), Ex. A at 7; *see also id.*, Ex. B ("Pl.'s Dep.") at 27:20-28-12 (explaining that because of his mental illness, he hears voices, and "couldn't stand taking a celly because [he] might blow up at him"). According to defendants, plaintiff also became agitated and upset and proceeded to threaten Baughman and use profanity towards him. Dckt. No. 29-3 ("Caldero Decl.") ¶ 4; Dckt. No. 29-6 ("Whitted Decl.") ¶ 4; Dckt. No. 29-4 ("Miller Decl.") ¶ 7; Dckt. No. 29-5 ("Mills Decl.") ¶ 3. Whitted submits a sworn declaration stating that he perceived plaintiff as a threat because he was not handcuffed, was agitated, and was threatening staff. Whitted Decl. ¶ 5. Whitted further states that he believed removing plaintiff from the room was the fastest and safest way to de-escalate the situation and to calm him down. *Id.* Thus, Whitted told plaintiff that it was time to go and grabbed either his arm or his shirt. Pl.'s Dep. at 28:13-17, 29:12-30:12; Caldero Decl. ¶ 5; Whitted Decl. ¶ 6.

According to defendants, plaintiff then tried to pull away and stood up in an aggressive manner. Caldero Decl. ¶ 7; Whitted Decl. ¶ 7; Mills Decl. ¶ 6. Defendants state that Whitted regained control of plaintiff's left arm, pinned it behind plaintiff's back, and pushed plaintiff forward onto the committee table, with assistance from Mills and Caldero. Caldero Decl. ¶¶ 8-10; Mills Decl. ¶ 7; Whitted Decl. ¶¶ 8-9. Caldero explains in his sworn declaration that he thought plaintiff should be taken outside the conference room to cool down and to prevent his behavior from escalating. Caldero Decl. ¶ 12. He therefore ordered Whitted and Mills to escort plaintiff out of the room. *Id.* ¶ 11; Mills Decl. ¶ 8; Whitted Decl. ¶ 10. Whitted led the escort out of the conference room. Whitted Decl. ¶ 12. Baughman and Miller did not follow. Miller Decl. ¶¶ 9, 11; Pl.'s Dep. 39:23-24.

Plaintiff testified at his deposition that he did not feel any unnecessary pressure or pain when defendants held him or when they pushed him onto the table. Pl.'s Dep. at 36:1-13. He

6

further testified that when defendants lifted him from the table, they did not hurt him in any way. *Id.* at 37:1-12. And contrary to the allegations in his complaint, plaintiff testified that defendants did not punch him. *Id.* at 62:19-63:4 (also confirming that defendants did not twist his arms, press down painfully on his shoulders, kick him, or hit him). Moreover, plaintiff did not complain of being injured, and those who subsequently evaluated him did not see any injuries. Caldero Decl. ¶ 18; Mills Decl. ¶ 16; Whitted Decl. ¶ 16; Esquivel Decl., Ex. C (Pl.'s Medical Report of Injury or Unusual Occurrence) at 16.

Defendants argue that the undisputed evidence shows that Caldero, Mills, and Whitted used reasonable and minimal force to restrain plaintiff inside the committee room after he threatened Baughman and threatened to kill any cellmate he was given. In his opposition, plaintiff concedes that he threatened to harm his cellmate. *See* Dckt. No. 33 at 1 (explaining that his voices commanded it). While he does not admit to making threats against Baughman, he does not dispute that he was angry and agitated. *See id.* (emphasizing that "if" he made threats against Baughman, they were only "verbal"). Viewing the evidence in the light most favorable to plaintiff, no reasonable juror could conclude that in initially grabbing plaintiff's arm, Whitted maliciously and sadistically used force to cause plaintiff harm. Rather, the evidence demonstrates that Whitted applied only minimal force after reasonably perceiving plaintiff as a threat.

Further, plaintiff admits that after Whitted grabbed his arm, he "stiffened up" and tried "to stop it by pulling away." *Id.* at 2. Plaintiff claims that he feared "he was being exposed to a danger of abuse" and "had a right to defend his life by trying to get away." *Id.* Plaintiff's subjective fear of abuse, however, does not create a triable issue as to whether the actual force used by defendants (holding plaintiff and pushing plaintiff forward onto the conference room table), was more than what was required to overcome plaintiff's admitted resistance. Nor does plaintiff demonstrate that defendants' actions lacked a penological purpose or that they were something other than a good faith effort to maintain or restore discipline. Moreover, plaintiff

7

does not dispute that he was not injured or harmed by the force used to restrain him. Because there is no genuine dispute as to whether the defendants reasonably perceived plaintiff as a threat and used reasonable and minimal force to restrain him, defendants must be granted summary judgment on the claim arising from the incident in the conference room.

Next, defendants discuss plaintiff's allegations regarding what happened outside the conference room, where there was a small landing and a staircase. Defendants Baughman, Caldero, Miller, and Mills argue they are entitled to summary judgment on this aspect of plaintiff's claim because the evidence shows that no one other than Whitted was involved in this alleged use of excessive force. Plaintiff testified at his deposition that he stumbled down the stairs and that Whitted then grabbed the back of his head and bashed it into a window. Pl.'s Dep. at 41:11-14. Plaintiff admitted that none of the other defendants joined in Whitted's conduct, but rather, grabbed Whitted and told him what he was doing. *Id.* at 45:14-22, 63:5-23. He further testified that other than Whitted, none of the defendants hurt him in the stairwell. *See id.* at 63:5-66:7 (stating that before Whitted pushed his head into the window, he felt others tugging, pushing, and twisting his arm, but that they did not hurt him, and that they did not try to hurt him after the incident with Whitted).

In his unsworn opposition, plaintiff contradicts his deposition testimony, stating that all defendants "were involved," and that "Mills, Miller, Caldero and Whitted attacked plaintiff physically when there was no resisting." Dckt. No. 33 at 3. Plaintiff does not argue that he was confused during the deposition. Plaintiff may not defeat summary judgment by inventing new allegations that contradict his prior deposition testimony. The court has carefully compared plaintiff's prior sworn version of the events with the unsworn version asserted in unsworn opposition. Even if the new version were properly asserted under penalty of perjury, the court finds that the contradiction amounts to no more that a sham attempt to defeat summary judgment and the court accords the latter allegation no weight. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot

create an issue of fact by an affidavit contradicting his prior deposition testimony."). Furthermore, plaintiff fails to submit any other evidence to support his statement or to otherwise create a triable issue as to whether the purported attack amounted to a use of force that was wanton and unnecessary. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (it is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification," that violates the Eighth Amendment); *Hudson*, 503 U.S. at 9 (not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation).

Plaintiff also admitted during his deposition that he could not see Baughman during the incident in the stairwell and that he did not know whether Baughman was watching. Pl.'s Dep. at 60:12-61:25. Defendants contend that this evidence entitles Baughman to summary judgment because it shows that he too, was not involved in the stairwell incident, and that he did not ignore any substantial risk to plaintiff's safety. In his unsworn opposition, plaintiff again contradicts his deposition testimony, stating that Baughman was able to see the incident with Whitted in the stairwell. Dckt. No. 33 at 2, 3. As discussed above, this self-serving and speculative assertion is contrary to plaintiff's deposition testimony and fails to create a genuine dispute for trial.

**IV.  Recommendation**

For all of the above reasons, it is hereby RECOMMENDED that the September 21, 2012 motion for summary judgment (Dckt. No. 29) be granted, and that this action proceed only against defendant Whitted on plaintiff's claim that Whitted used excessive force by crashing plaintiff's head into a window outside the conference room.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

9

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 10, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE